IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Thompson,<br><br>    Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. CIV 15-08180-PCT-DGC (MHB)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE DAVID G. CAMPBELL, UNITED STATES DISTRICT JUDGE:

    Petitioner Richard Thompson, an inmate currently incarcerated in the Arizona State Prison, in Tucson, Arizona, has filed a *pro se* Petition for a Writ of Habeas Corpus (hereinafter "habeas petition") pursuant to 28 U.S.C. §2254 (Doc. 1). Respondents filed an Answer (Doc. 11), and Petitioner has not filed a Reply. Petitioner raises four claims in his Petition that Respondents assert are untimely, procedurally defaulted without excuse, and lack merit.

## BACKGROUND

    On December 2, 1993, Petitioner was charged by an Arizona Grand Jury with 10 counts of aggravated assault, one count of unlawful flight, one count of theft of property, and one

count of resisting arrest. (Doc. 11, Exh. A[1].) The charges stemmed from Petitioner stealing a cab at gun point, refusing to stop the cab after police initiated a traffic stop, and pointing a gun and shooting at multiple police officers after he was forced to pull over. (Exh. Y at 11-12.) Prior to trial the trial court granted the state's motion to dismiss two of the aggravated assault charges and the resisting arrest charge. (Exh. FFFF at 14.) Petitioner went to trial on the remaining charges, and on March 3, 1995, a jury found him guilty of theft, unlawful flight and aggravated assault, and not guilty by reason of insanity on the remaining aggravated assault charges. (Exh. LLLL at 945-49.) A jury trial was then held on Petitioner's prior convictions, and the jury found that Petitioner had six prior felony convictions. (Exh. NNNN at 996-99.) On August 28, 1995, the trial court sentenced Petitioner to aggravated, consecutive sentences totaling 36 years' imprisonment. (Exhs. Z, KK & QQQQ at 7-8.) Petitioner was initially sent to the Arizona State Hospital by virtue of the insanity verdicts, and that his sentence on the other counts was to commence upon his release from the state hospital. (Exh. AA at 2.)

On March 4, 1996, the Arizona State Hospital found that Petitioner was no longer evidencing a mental disorder, was considered "clinically and psychiatrically stabilized," and recommended that Petitioner be returned to the Department of Corrections. (Exh. HH, attached letter at 2.) On April 5, 1996, Petitioner filed a request to be released from the Arizona State Hospital. (Exh. II.) A telephonic hearing took place on April 24, 1996, and because the State and Petitioner were in agreement that he should be released from the hospital, the court ordered him immediately transferred to the Department of Corrections to begin serving his sentence. (Exhs. JJ; SSSS at 12-14.)

On September 8, 1995, Petitioner filed a timely notice of appeal. (Exh. RR.) Petitioner moved to represent himself on appeal, but that request was denied, and Petitioner's appointed

---

[1] All Exhibits referenced are attached to Respondents' Response, (Doc. 11), unless otherwise noted.

- 2 -

1 counsel then filed an opening brief raising one issue on appeal - that the trial court erred in
2 imposing enhanced sentences for Petitioner's Colorado convictions. (Exhs. TT, WW at 5.)
3 On September 26, 1996, the Arizona Court of Appeals issued an opinion denying relief and
4 affirming Petitioner's convictions. (Exh. BBB.) Petitioner did not seek review in the
5 Arizona Supreme Court. (Exh. CCC.)

6 Over 2-years later, in December, 1998, Petitioner filed a motion in the state court
7 requesting free transcripts. (Exh. GGG.) The trial court denied the motion, noting that "the
8 record was prepared and all transcripts previously provided for defendant's appeal." (Id.)
9 Petitioner appealed the trial court's order and, on April 6, 1999, the Arizona Court of
10 Appeals dismissed the appeal, as the trial court's order denying a motion for transcripts was
11 "non-appealable." (Exh. MMM.)

12 Thereafter, Petitioner filed various other documents with the trial court that ultimately
13 have no bearing on the issues raised in the instant matter: in 2001, Petitioner filed two
14 notices of "Petition for Writ of Habeas Corpus" that stated no grounds for relief; in April
15 2004, Petitioner filed a "Motion for Appointment of Counsel to Assist and Advise
16 Defendant;" in May 2004, Petitioner filed a "Notice of Appeal" and a "Motion for
17 Appointment of Counsel on Appeal;" in August 2005 and January 2009, Petitioner mailed
18 letters to the trial judge; in October 2011 Petitioner sent another letter to the trial judge; in
19 May 2012, Petitioner filed a "Pleading for Civil Rights or Conditions of Confinement"; in
20 January 2013, Petitioner filed another petition for writ of habeas corpus; in April 2015,
21 Petitioner filed a motion requesting that his time in prison be transferred to other inmates;
22 in August, 2015, Petitioner sent a letter to the trial court requesting that he be placed on death
23 row; in September 2015, Petitioner filed a motion to be moved to death row and motions for
24 speedy trial; and in October 2015, Petitioner filed a motion to be transferred to Yavapai
25 County. The court either denied the requests or took no action. (Exhs. NNN, TTTT at 2;
26 OOO, PPP, QQQ, RRR.)

27
28

1    On February 28, 2011, the trial court issued a minute entry stating that it had received a
2 "Notice of Rule 32" with several attachments from Petitioner on February 24, 2011. (Exh.
3 SSS.) The minutes reflected that the document had not been "properly filed" with the court,
4 a copy had not been provided to the State, and the document "did not meet the requirements
5 of a Notice of Post-Conviction Relief, pursuant to Rule 32, and is clearly untimely." (Id.)
6 The trial court apparently did not file the actual notice, as it does not appear in the official
7 state record. (See Exh. TTTT at 2; Doc. 11 at 10.) Petitioner filed another notice of post-
8 conviction relief in March 2011, which the trial court also dismissed as untimely. (Exhs.
9 TTT, UUU.)

10   Petitioner filed his habeas petition on September 12, 2015. (Doc. 1.) In Ground One of
11 his habeas petition he claims he "was sentenced to death by lethal injection." (Id. at 6.)
12 Petitioner states, however, that he is "not challenging [his] sentencing," but claims that he
13 was not afforded counsel, "was not present in court room for trial, and "was not afforded
14 opportunity to cross examine witnesses or face [his] accusers, and that his due process rights
15 were violated." (Id.) In Ground Two, Petitioner asserts that he was "not afforded trial
16 transcripts or appointment of counsel." (Id. at 7.) In Ground Three, Petitioner claims he was
17 "not afforded access to law library." (Id. at 8.) In Ground Four, Petitioner claims that he was
18 "not allowed to call defense witnesses." (Id. at 9.) Petitioner requests as relief that he be
19 moved "to death row for lethal injection." (Id. at 11.) Petitioner does not provide any further
20 support for his claims other than his assertions.

21   Respondents assert that Petitioner's habeas petition is untimely by 17 years, 10 months,
22 and 12 days, and should be dismissed. (Doc. 11, at 12.)

## LEGAL ANALYSIS

I.   Timeliness under the AEDPA.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. See 28 U.S.C. § 2244(d)(1). The statute provides:

- 4 -

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

"[T]he period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition." Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2); see Lott v. Mueller, 304 F.3d 918, 921 (9th Cir. 2002). A state petition that is not filed, however, within the state's required time limit is not "properly filed" and, therefore, the petitioner is not entitled to statutory tolling. See Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005). "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." Id. at 414.

A post-conviction petition is "clearly pending after it is filed with a state court, but before that court grants or denies the petition." Chavis v. Lemarque, 382 F.3d 921, 925 (9th Cir. 2004), rev'd on other grounds sub nom., Evans v. Chavis, 546 U.S. 189 (2006). In Arizona, post-conviction review is pending once a notice of post-conviction relief is filed even though the petition is not filed until later. See Isley v. Arizona Department of Corrections, 383 F.3d 1054, 1056 (9th Cir. 2004). An application for post-conviction relief is also pending during the intervals between a lower court decision and a review by a higher court. See Biggs v.

1  Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003) (citing Carey v. Saffold, 536 U.S. 214, 223
2  (2002)). However, the time between a first and second application for post-conviction relief
3  is not tolled because no application is "pending" during that period. See Biggs, 339 F.3d at
4  1048; see also Cross v. Sisto, 676 F.3d 1172, 1179 (9th Cir. 2012) ("Petitioners are not
5  entitled to statutory tolling between rounds of state [post-conviction] petitions.").

6  The Court finds that Petitioner's Petition for Writ of Habeas Corpus is untimely. After trial
7  and sentencing, Petitioner appealed his convictions and sentence to the Arizona Court of
8  Appeals. The court of appeals affirmed Petitioner's convictions and sentence on September
9  26, 1996. Petitioner did not file a petition for review in the Arizona Supreme Court.
10 Consequently, Petitioner's convictions became final 35 days later – October 31, 1996 – when
11 the time expired for filing a petition for review expired. See Ariz.R.Crim.P. 31.9(a) (within
12 30 days after the Court of Appeals issues its decision, any party may file a petition for review
13 with the clerk of the Supreme Court); see also Ariz. R. Crim. P. 1.3 (West 1996) ("Whenever
14 a party has the right or is required to take some action within a prescribed period after service
15 of a notice or other paper and such service is allowed and made by mail, 5 days shall be
16 added to the prescribed period.") The AEDPA statute of limitations started running on the
17 next day, November 1, 1996, and expired one-year later on October 31, 1997. Petitioner did
18 not file his habeas petition until September 12, 2015.

19 The trial court record indicates that Petitioner filed a notice of post-conviction relief in
20 February, 2011. Even if the notice was properly filed, Petitioner's habeas petition would still
21 be untimely. A post-conviction proceeding initiated after the statute of limitations has
22 already run does not re-start the limitations period.[2] See Ferguson v. Palmateer, 321 F.3d

---

[2] Even if this Court were to consider Petitioner's December, 1998 "request for free transcripts" filing in the trial court as an initiation of post-conviction proceedings, that request and all of the other miscellaneous documents mailed to the court by Petitioner were filed over 2-years after the Arizona Court of Appeals affirmed Petitioner's convictions. Thus, the AEDPA statute of limitations had already run.

- 6 -

820, 823 (9th Cir. 2003).  The notice was not properly filed however, as the trial court ruled that Petitioner's notice was untimely by several years, and thus, it would not have tolled any of the time period while it was pending.  See Pace, 544 U.S. at 413.

The statute of limitations under AEDPA is subject to equitable tolling in appropriate cases. See Holland v. Florida, 560 U.S. 631, 645-46 (2010). However, for equitable tolling to apply, a petitioner must show "'(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstances stood in his way'" and prevented him from filing a timely petition. Id. at 69 (quoting Pace, 544 U.S. at 418). Tolling is appropriate when "'extraordinary circumstances' beyond a [petitioner's] control make it impossible to file a petition on time." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (stating that "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule") (citations omitted). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  A Petitioner must also establish a "causal connection" between the extraordinary circumstance and his failure to file a timely petition. See Bryant v. Arizona Attorney General, 499 F.3d 1056, 1060 (9th Cir. 2007).

Petitioner makes no attempt in his habeas petition to excuse his late (over 17 years) filing, and has not filed a Reply.  Thus, Petitioner is not entitled to equitable tolling of the statute of limitations period.

## CONCLUSION

For the foregoing reasons, the Court finds Petitioner's habeas petition is untimely and should be dismissed.  Thus, the Court will therefore recommend that the petition be denied and dismissed.  **IT IS THEREFORE RECOMMENDED:**

That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**;

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because dismissal of the habeas petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. See Rule 72, Federal Rules of Civil Procedure.

DATED this 8th day of September, 2016.

_Michelle H. Burns_
Michelle H. Burns
United States Magistrate Judge

- 8 -